# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| DEBORAH B. DEAN, on behalf of herself and all others similarly situated, | ) Case No. 4:21-cv-242 |
| | ) |
| Plaintiff, | ) CLASS ACTION COMPLAINT |
| | ) |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| BIGGS & GREENSLADE, PC; and ATLAS CREDIT CO, INC., | ) |
| | ) |
| Defendants. | ) |

Plaintiff, DEBORAH B. DEAN ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of BIGGS & GREENSLADE, PC and ATLAS CREDIT CO, INC. (hereinafter, "B&G" and "Atlas" respectively and "Defendants" collectively) in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA").

## JURISDICTION & VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue is proper in the United States District Court for the Southern District of Texas because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Houston, Harris County, State of Texas.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and TDCA, Tex. Fin. Code § 392.001(1).

8. At all relevant times herein, B&G was a company engaged, by use of the mails, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5) and "consumer debt" as defined by the TDCA, Tex. Fin. Code § 392.001(2).

9. At all relevant times herein, Atlas was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5) and "consumer debt" as defined by the TDCA, Tex. Fin. Code § 392.001(2).

10. B&G is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) and defined by the TDCA, Tex. Fin. Code § 392.001(6).

11. B&G is a "third-party debt collector" as that term is defined by the TDCA, Tex. Fin. Code § 392.001(7).

2

12. Atlas is a "creditor" as that term is defined by the TDCA, Tex. Fin. Code § 392.001(3).

13. Atlas is a "debt collector" as that term is defined by the TDCA, Tex. Fin. Code § 392.001(6).

14. B&G is a Texas professional corporation headquartered in the City of Tyler, Smith County, State of Texas.

15. Atlas is a Texas business corporation headquartered in the City of Tyler, Smith County, State of Texas.

16. B&G's business includes, but is not limited to, collecting on unpaid, outstanding consumer account balances.

17. Atlas' business includes, but is not limited to, collecting on unpaid, outstanding consumer account balances.

18. Defendants engaged in "debt collection" as that term is defined by the TDCA, Tex. Fin. Code § 392.001(5).

19. B&G regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS

21. Within the one year preceding the filing of this Complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt.

22. At all times relevant hereto, B&G was engaged by Atlas to collect on the alleged debt.

23. In August 2020, in its attempt to collect the alleged debt owed by Plaintiff, B&G sent Plaintiff a collection letter dated August 26, 2020 (hereinafter, "Collection Letter").  (A

3

true-and-correct copy of which is attached hereto as Exhibit A).

24. The Collection Letter, *inter alia*, states that: "This office has been retained by Atlas Credit Co., Inc., to collect the outstanding obligation owed by you in the amount of $1066.50."

25. The Collection Letter goes on to state that: "If arrangements for the prompt payment of this debt are not made within thirty (30) days from the date of this letter, we will recommend to our client that suit be filed against you."

26. The Collection Letter further states:

> Please send a certified check or money order to your local Atlas Credit branch in the amount of $1066.50 made payable to Atlas Credit Co, Inc. If you fail to pay the amount in full or otherwise contact our office within thirty (30) days of receipt of this letter, we have been authorized to pursue all legal actions necessary to collect this debt.

27. The Collection Letter employs false, deceptive, or misleading representations, including the foregoing statements because Atlas filed suit *pro se* against Plaintiff on September 1, 2020—a mere six (6) days after the date of the Collection Letter.  *Atlas Credit Co v. Deborah B. Dean*, Case No. 207200221953 (Harris County Justice of the Peace Courts).

28. The Collection Letter additionally states:

> Unless, within thirty days from receipt of this letter, you dispute the validity of the debt or any portion of it, I will assume the debt to be valid. If, within that same thirty-day period, you notify me in writing that the debt or any portion of it is disputed, I will obtain a verification of the debt and I will mail you a copy of the verification.

29. Even though the Collection Letter includes disclosures with regard to a consumer's rights to dispute the validity of a debt, the false, deceptive, or misleading representations, such as the statement earlier in the Collection Letter that "[i]f arrangements for the prompt payment of this debt are not made within thirty (30) days **from the date of this letter**, we will

recommend to our client that suit be filed against you."  (emphasis added).

30. That is, the FDCPA affords Plaintiff "thirty days **after receipt** of the [Collection Letter]"

to dispute the validity of the debt.  FDCPA, 15 U.S.C. § 1692g(a)(3) (emphasis added).

31.  The statement in the Collection Letter that "[i]f arrangements for the prompt payment of

this debt are not made within thirty (30) days from the date of this letter, we will

recommend to our client that suit be filed against you" overshadows or is inconsistent with

Plaintiff's dispute rights.  FDCPA, 15 U.S.C. § 1692g(e).

32. Under the FDCPA, validation notice must be effectively communicated, and may not be

overshadowed, confounded, or eviscerated by other language or words as seen from the

perspective of the least sophisticated consumer.

33. On September 9, 2020, Plaintiff sent to B&G (with a carbon copy to Atlas) a written dispute

and request for verification letter via certified U.S. Mail (hereinafter, "Dispute Letter").  (A

true-and-correct copy of which along with delivery confirmation is attached hereto as

Exhibit B).

34. B&G received the Dispute Letter on September 14, 2020.  (Ex. B).

35. On or about December 15, 2020, when Plaintiff was served with the summons and

complaint for the above-referenced lawsuit, Plaintiff's daughter called B&G and spoke to

one of its female representatives.

36. During the above-referenced call:

  a.  Plaintiff's daughter inquired about the above-referenced lawsuit and response to

  Plaintiff's Dispute Letter and request for verification of the alleged debt (which

  Plaintiff never received);

b. B&G's representative admitted that B&G merely forwarded Plaintiff's Dispute Letter to Atlas for Atlas to respond to directly (which is contrary to the Collection Letter's statement that "[B&G] will mail you a copy of the verification"); and

c. B&G's representative admitted that B&G does not really represent Atlas and just sends collection letters (which is contrary to several statements and implications in the Collection Letter and is confirmed by the fact that Atlas sued Plaintiff *pro se* in the above-referenced lawsuit).

37. The natural consequences of B&G's statements and actions was to produce an unpleasant and/or hostile situation between B&G and Plaintiff.

38. The natural consequences of B&G's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

39. B&G's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and mental distress.

## CLASS ALLEGATIONS

40. Plaintiff brings this claim individually and on behalf of a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) (the "Class").

41. Plaintiff seeks to represent the Class defined as:

> All consumers in the State of Texas who were sent a letter that is identical to or is substantially the same form as the Collection Letter by or on behalf of B&G, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

42. On information and belief, the class is so numerous that joinder of all members is not practicable because there are hundreds and/or thousands of persons who have received debt

collection letters and/or notices from B&G that violate the specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds, if not thousands, of persons.

    a.  There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether B&G's Collection Letter employs false, deceptive, or misleading representations pursuant to the FDCPA; (b) whether B&G's Collection Letter overshadows and is inconsistent with the disclosure of Plaintiff's right to dispute the alleged debt pursuant to the FDCPA; (c) whether B&G's Collection Letter represents falsely the status or nature of the services rendered by the debt collector or the debt collector's business pursuant to the TDCA; and (d) whether B&G's Collection Letter uses any other false representation or deceptive means to collect a debt or obtain information concerning a consumer pursuant to the TDCA.

43. Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

44. Plaintiff has no interest adverse or antagonistic to the interest of the members of the Class.

45. Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA/TDCA litigation.

46. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.  Individual actions are not economically feasible;

    b.  Members of the Class are likely to be unaware of their rights; and

    c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

47. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If B&G's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

48. B&G has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(By Plaintiff and the Class Against B&G)

49. Plaintiff hereby incorporates the preceding paragraphs 1-48 as if set forth in full herein.

50. Based upon the foregoing, B&G's conduct violated the FDCPA as follows:

    a.  Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of § 1692e of the FDCPA;

    b.  Using any false representation or deceptive means to collect or attempt to collect any debt, in violation of § 1692e(10) of the FDCPA; and

    c.  By engaging in collection activities that overshadowed or were inconsistent with

the disclosure of the consumer's right to dispute the alleged debt, in violation of § 1692g(b) of the FDCPA.

51. Plaintiff alleges that to the extent that B&G's actions, detailed above, violated the FDCPA, those actions were done knowingly and willfully.

52. As a direct and proximate result of B&G's violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, Plaintiff and the members of the Class have suffered injury, and may each recover from B&G one-thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

53. The violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that B&G continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II:
## VIOLATION OF THE TEXAS DEBT COLLECTION ACT
(By Plaintiff and the Class Against B&G)

54. Plaintiff hereby incorporates the preceding paragraphs 1-48 as if set forth in full herein.

55. B&G violated the TDCA based on at least the following:

   a. B&G violated Tex. Fin. Code § 392.304(14) by representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business; and

   b. B&G violated Tex. Fin. Code § 392.304(19) by using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

## COUNT III:
## VIOLATION OF THE TEXAS DEBT COLLECTION ACT
(By Plaintiff and the Class Against Atlas)

56. Plaintiff hereby incorporates the preceding paragraphs 54-55 as if set forth in full herein.

57. Atlas violated the TDCA based on at least the following:

    a.  Atlas reviewed the form of the Collection Letter before it was sent to Plaintiff;

    b.  Atlas approved the form of the Collection Letter before it was sent to Plaintiff;

    c.  Atlas had the right to review and approve the form of the Collection Letter before it was sent to Plaintiff;

    d.  As alleged above, Atlas is a "debt collector" as that term is defined by the TDCA, Tex. Fin. Code § 392.001(6);

    e.  As alleged above, Atlas engaged the services of fellow debt collector B&G to collect the alleged debt from Plaintiff;

    f.  Atlas has the burden to monitor the activities of B&G;

    g.  B&G violated the TDCA; and

    h.  Atlas is vicariously liable for the unlawful collection activities carried out by B&G on its behalf.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against BIGGS & GREENSLADE, PC and ATLAS CREDIT CO, INC.:

    A.  That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

10

B.  For statutory damages of $500,000.00 or 1% of B&G's net worth, whichever is the

lesser, pursuant to 15 U.S.C. § 1692k;

C.  For additional damages provided by Tex. Fin. Code § 392.403(a)(2) and/or Tex.

Bus. & Com. Code § 17.50(d);

D.  Injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1);

E.  For reasonable attorneys' fees and costs of suit, pursuant to 15 U.S.C. § 1692k and

Tex. Fin. Code § 392.403(b); and

F.  For such further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Date:  January 25, 2021

Respectfully submitted,

AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr

James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorneys for Plaintiff

11

# **EXHIBIT A**



**BIGGS** &
**GREENSLADE**
LAW

Phone: 903-405-2686  |  **Fax:** 903.630.7859  |  1042 Asher Way, Suite 100, Tyler, TX 75703  |  1501 Old Nacogdoches Rd., Henderson, TX 75654

August 26, 2020

DEBORAH DEAN
███████████████ ██

HOUSTON, TX 77048                                    VIA REGULAR MAIL

Re:    Delinquent Credit Account at **Atlas Credit Co., Inc.**, Branch # 36

Dear DEBORAH DEAN,

      This office has been retained by Atlas Credit Co., Inc., to collect the outstanding obligation owed by you in the amount of $1066.50.

      If arrangements for the prompt payment of this debt are not made within thirty (30) days from the date of this letter, we will recommend to our client that suit be filed against you.

      Unless, within thirty days from receipt of this letter, you dispute the validity of the debt or any portion of it, I will assume the debt to be valid.  If, within that same thirty-day period, you notify me in writing that the debt or any portion of it is disputed, I will obtain a verification of the debt and I will mail you a copy of the verification.

      Please send a certified check or money order to your local Atlas Credit branch in the amount of $1066.50 made payable to **Atlas Credit Co, Inc**.  If you fail to pay the amount in full or otherwise contact our office within thirty (30) days of receipt of this letter, we have been authorized to pursue all legal actions necessary to collect this debt.

      If you need additional information about your account or would like to make payment arrangements in an effort to clear your outstanding balance, **please contact your local Atlas Credit branch office immediately,** or call our corporate headquarters at **(903) 593-6195.**

Sincerely,

**BIGGS & GREENSLADE, P.C.**
BGLawTexas.com
GB


      **WE ARE ACTING AS A DEBT COLLECTOR IN THIS MATTER. WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# **<u>EXHIBIT B</u>**

# DEBORAH B. DEAN

███████████

**Houston, Texas 77048**

September 9, 2020

Biggs & Greenslade, P.C.                     *Via Certified Mail, RRR*
1042 Asher Way, Suite 100
Tyler, Texas 75703

Re:      **DISPUTED** Credit Account at Atlas Credit Co., Inc.

Dear Sir or Madam:

I am in receipt of your correspondence dated August 26, 2020 regarding the alleged delinquent credit account with Atlas Credit Co., Inc.

## I DISPUTE THE VALIDITY OF THE ENTIRE DEBT, AND DEMAND STRICT PROOF THEREOF.

Please provide me with proof of this debt, including copies of the original signed contract/loan agreement, any and all signed modifications to the contract/loan agreement, and all records of payments received by Atlas Credit Co., Inc., including by check, cash, money order, or electronic payment.

Further demand is made that all of the above-requested documents and materials be gathered and preserved, along with the following:

- Copies of all correspondence from Atlas Credit Co., Inc. to me;
- Copies of all correspondence to Atlas Credit Co., Inc. from me;
- Call logs (written or electronic) for all telephone calls made by Atlas Credit Co., Inc., its agents, representatives or employees to me;
- Call logs (written or electronic) for all telephone calls made by Atlas Credit Co., Inc., its agents, representatives or employees to any of my personal "references" (including but not limited to my daughter);
- Copies of all letters deposited in the fence (inside my personal property) by any employee of Atlas Credit Co., Inc.
- Any and all logs related to the number of visits an Atlas Credit Co., Inc. employee, agent or representative (including Sandra G. Moreno) has made to my home;
- Copies of all proof of delivery of any correspondence from Atlas Credit Co., Inc. to me.

Biggs & Greenslade
September 9, 2020
Page 2

   Please advise your client not to subject itself to penalties for spoliation of evidence, in addition to its numerous and continued violations of Chapter 392 of the Texas Finance Code.

   I look forward to your response.


Sincerely,


Deborah B. Dean


cc:  Sandra Gonzalez Moreno
   Atlas Credit Co., Inc.
   2606 Telephone Rd., Suite D
   Houston, Texas 77023

**ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMI...**

# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 9414711899564854604515

Remove ✕

Your item was delivered to an individual at the address at 4:02 pm on September 14, 2020 in TYLER, TX 75703.

Feedback

 **Delivered**

September 14, 2020 at 4:02 pm
Delivered, Left with Individual
TYLER, TX 75703

**Get Updates** ⌄

---

**Text & Email Updates**                                    ⌄

---

**Tracking History**                                         ⌃

**September 14, 2020, 4:02 pm**
Delivered, Left with Individual
TYLER, TX 75703
Your item was delivered to an individual at the address at 4:02 pm on September 14, 2020 in
TYLER, TX 75703.

---

**September 12, 2020, 11:49 am**
Delivery Attempted - No Access to Delivery Location
TYLER, TX 75703

**September 11, 2020, 5:32 pm**
Departed USPS Regional Destination Facility
COPPELL TX DISTRIBUTION CENTER

**September 11, 2020, 11:58 am**
Arrived at USPS Regional Destination Facility
COPPELL TX DISTRIBUTION CENTER

**September 10, 2020, 11:42 pm**
Departed USPS Regional Origin Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**September 10, 2020, 10:10 pm**
Arrived at USPS Regional Origin Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

Feedback

**September 10, 2020, 8:55 pm**
Accepted at USPS Origin Facility
HOUSTON, TX 77079

**September 9, 2020, 8:38 pm**
Shipping Label Created, USPS Awaiting Item
HOUSTON, TX 77079

## Product Information                                                          ⌄

**See Less** ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback